UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80930-CIV-DIMITROULEAS

ELLIOTT BROIDY,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY and
AMERICAN EXPRESS NATIONAL BANK,

    Defendants.
_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION, STAY PROCEEDINGS**

THIS CAUSE is before the Court on Defendants American Express Company and American Express National Bank (collectively, "Defendants")'s Motion to Dismiss, seeking to compel Plaintiff Elliott Broidy ("Plaintiff" or "Broidy") to arbitrate his claim pursuant to the certain Cardmember Agreements purportedly relevant to Plaintiff's claim and section 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1–16 (the "FAA"), or alternatively, to stay the matter during the pendency of such arbitration (the "Motion") [DE 10], and the October 30, 2025 Report and Recommendation of United States Magistrate Judge William Matthewman (the "Report") [DE 29]. Judge Matthewman held a hearing on the Motion on October 23, 2025, in which he heard argument from counsel. *See* [DE 28]. The Court has conducted a *de novo* review of the Report [DE 29], the record, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation on Defendants' Motion to Dismiss [DE 30], and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and Plaintiff's Objections to Magistrate Judge's Report and Recommendation. Upon the Court's careful review, the Court agrees with the Magistrate Judge's thorough analysis and conclusions as set forth in the Report [DE 29]. Plaintiff is required to arbitrate the statutory claim he brings in this case pursuant to the 2024 Agreement and/or the Circinus Agreement.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 29] is hereby **APPROVED**;
2. Plaintiff's Objections [DE 30] are **OVERRULED**;
3. The Motion [DE 10] is **GRANTED IN PART AND DENIED IN PART**;
4. The parties are hereby **COMPELLED** to arbitrate the claims Plaintiff pled in the Complaint;
5. This action is hereby **STAYED** pending arbitration;

6. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of November, 2025.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record

Magistrate Judge Matthewman